UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WALTER ANTONIO ROMERO GALEAS,

Petitioner,

v. Case No.: 2:26-cv-02839-SPC-KRH

D.H.S. *et al*,

Respondents.

## **OPINION AND ORDER**

Before the Court are Walter Antonio Romero Galeas's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 3).

Romero Galeas is a native of Honduras who entered the United States in 2003. He has a pending asylum claim and no criminal record. On May 14, 2026, Immigration and Customs Enforcement (ICE) officers arrested and detained Romero Galeas while conducting surveillance operations focusing on a different person. On July 20, 2026, Immigration Judge Liviu Lungu denied Romero Galeas's request for release on bond with a two-word order: "Flight risk." (Doc. 3-1 at 9). Judge Lungu denied Romero Galeas's request for a second custody redetermination hearing with this order:

> The respondent has failed to show that his circumstances have changed materially since the prior bond redetermination. See 8 C.F.R. 1003.19(e).

> A sworn sponsor affidavit, proof of the sponsor's U.S. citizenship and residence, a signed Form I-134, financial documentation, confirmation of continued employment, and multiple community and character letters do not constitute a material change in circumstances. The respondent has not shown that these documents were unavailable and could not have been submitted at the prior bond hearing.

(Doc. 3-1 at 11).

Romero Galeas claims his detention violates the Due Process Clause of the Fifth Amendment because the process he received did not ask whether he is a danger to the community or a flight risk. In response, the government points to 8 U.S.C. § 1226(e), a subsection of the Immigration and Nationality Act that strips the Court of jurisdiction to review an immigration judge's discretionary bond decisions. The Court acknowledges the limits imposed by § 1226(e)—it cannot reweigh evidence or otherwise review Judge Lungu's discretion. But Romero Galeas also recognizes that limitation and makes it clear he is challenging the process undergirding his detention, not Judge Lungu's discretion. The government also argues Romero Galeas failed to exhaust administrative remedies, but that is not true. Judge Lungu denied his request for a second custody redetermination hearing, and there is no reason to believe another administrative request would fare any better.

Because Romero Galeas's due process claim presents a live controversy and falls within the Court's habeas jurisdiction, the Court must address it. The Fifth Amendment guarantees that "[n]o person shall be…deprived of life,

liberty, or property, without due process of law[.]" U.S. Const. amend. V. The Supreme Court has also recognized that the Due Process Clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976). In the adjudicative context, due process "requires that the decisionmaker actually considers the evidence and argument that a party presents." *de la Llana-Castellon v. I.N.S.*, 16 F.3d 1093, 1096 (10th Cir. 1994) (citing *Morgan v. United States*, 298 U.S. 468, 481 (1936)); *see also Abdulai v. Ashcroft*, 239 F.3d 542, 549 (3d Cir. 2001).

Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and citation omitted). "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992). An agency decision is arbitrary if "the

agency relied on factors not intended by Congress, ignored an important aspect of the issue, or offered an explanation that contradicts the evidence before it." *Ashraf v. U.S. Drug Enforcement Admin.*, 153 F.4th 1161, 1167 (11th Cir. 2025) (emphasis added).

The evidence before the Court demonstrates that Judge Lungu denied bond without conducting an individualized consideration of relevant evidence. The government does not argue otherwise. The two-word "Flight risk" order does not represent the individualized, merit-based assessment required by the Fifth Amendment, and the second order merely lists the favorable evidence Judge Lungu refused to consider. An immigration court "denies due process to an alien when it acts as a mere rubber-stamp." *Abdulai*, 239 F.3d at 549-50 (internal quotation marks and citation omitted). That is what occurred here. As a result, Romero Galeas's detention violates his right to due process.

Accordingly, it is hereby

**ORDERED**:

Walter Antonio Romero Galeas's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) Within 24 hours of this Order, the government shall release Romero Galeas and give him telephone access so he can arrange transportation from the detention facility.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on November 4, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record